UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JKA, INC. d/b/a DIVERSIFIED DISTRIBUTION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-123 S |
| ANISA INTERNATIONAL, INC., | : | |
| Defendant. | : | |

**DEFENDANT ANISA INTERNTIONAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA**

Defendant Anisa International, Inc. ("Anisa International") hereby moves to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that the Court lacks personal jurisdiction over it. Solely in the alternative, Anisa International moves to transfer this action to the Northern District of Georgia, a court that has jurisdiction over the defendant and that would be a proper venue for this action, under either 28 U.S.C. § 1400 or 28 U.S.C. § 1631, as appropriate. The grounds for this motion are set forth in the accompanying Memorandum of Law and in the contemporaneously-filed Declaration of Anisa Telwar.

ANISA INTERNATIONAL, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin
Jeffrey K. Techentin (#6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: June 14, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JKA, INC. d/b/a DIVERSIFIED DISTRIBUTION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-123 S |
| ANISA INTERNATIONAL, INC., | : | |
| Defendant. | : | |

**DEFENDANT ANISA INTERNTIONAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA**

Defendant Anisa International, Inc. ("Anisa International") submits this memorandum of law in support of its motion to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that the Court lacks personal jurisdiction over it or, in the alternative, to transfer this action to the Northern District of Georgia, a court that has jurisdiction over the defendant and that would be a proper venue for this action under 28 U.S.C. § 1400.

## INTRODUCTION

The plaintiff bears the burden of proving that Anisa International, a Georgia corporation, is properly subject to the jurisdiction of this Court. The plaintiff has not even made an allegation that this Court has personal jurisdiction over the Anisa International. Moreover, the plaintiff's sole cause of action in this matter is for patent infringement, a cause of action with no nexus to Anisa International's *de minimis* contacts with the State of Rhode Island, and the Plaintiff does not allege otherwise in its Complaint. Accordingly, this Court may exercise personal jurisdiction over Anisa International only if its contacts with Rhode Island are so pervasive as to constitute continuous and systematic activity in the state. Because Anisa International has insufficient

contacts with Rhode Island to be subject to general personal jurisdiction, the Court should dismiss the Complaint for want of personal jurisdiction over Anisa. In the alternative, this Court should transfer the case, pursuant to either 28 U.S.C. § 1631, in the event the Court finds no personal jurisdiction, or § 1404(a), if the Court finds that Anisa International is subject to personal jurisdiction in Rhode Island.

**RELEVANT FACTUAL BACKGROUND**

**Anisa International**

Anisa International is a for-profit corporation duly incorporated under the laws of the State of Georgia with its corporate offices in Atlanta, Georgia. Declaration of Anisa Telwar ("Telwar Decl.") at ¶ 3. Anisa International is exclusively engaged in the business of marketing and selling cosmetic and bath products at the wholesale level. *Id.* Anisa International markets cosmetic brushes and accessories, such as compacts, and bath products such as brushes, slippers, and puffs. *Id.* It manufactures its cosmetic brush products and many of the packages for those brushes at its own factory located in China, while its other products are obtained from other factories located in China that are not directly affiliated with Anisa International. *Id.* at ¶ 4. Anisa International sells its products in a variety of markets, including within the United States. Its customers include a variety of retail outlets, such as K-Mart. *Id.*

Anisa International is and always has been a Georgia corporation, headquartered in Atlanta. All of Anisa International's sales are made from its home office in Atlanta. *Id.* at ¶ 5. All advertising, including Anisa International's website (www.anisa.com), originates from its home office in Atlanta. *Id.* All shipments of product sold by Anisa International are made either directly from its factory in China or through its home office in Atlanta. *Id.*

**Anisa International's Lack of Continuous and Systematic Contacts with Rhode Island**

Anisa International is not registered, licensed, or otherwise authorized to do business in the State of Rhode Island, and has not appointed an agent for service of process in the State of Rhode Island. *Id.* at ¶ 6. Anisa International does not own or lease any real or personal property in Rhode Island. It does not maintain a telephone listing, mailing address, or post office box in Rhode Island. *Id.* at ¶ 7. Anisa International has no bank accounts in Rhode Island. *Id.*

Anisa International currently has (and as of the date of the filing of the complaint in this matter, had) no customers in Rhode Island. *Id.* at ¶ 8. Two potential customers of Anisa International have been located in Rhode Island: the CVS and Brooks pharmacy chains. Although Anisa International has, from time to time, presented its products to CVS (as it has to innumerable other prospective customers throughout the country), it has made no sales to CVS. Anisa International has made one sale to Brooks in 2006 for a gross sales price of $53,809.92. *Id.* Although that transaction was between Anisa International in Atalanta, Georgia and Brooks in Warwick, Rhode Island, none of the products purchased by Brooks were actually shipped to Rhode Island. Rather, the actual products were shipped to Brooks locations in Liverpool, New York, Bohemia, New York, Charlotte, North Carolina, Langhorne, Pennsylvania, Newman, Georgia, and Dayville, Connecticut. *Id.*[1]

Anisa International's sole Rhode Island sale represented just 0.4% of Anisa International's business for the year 2006. *Id.* at ¶ 10. That being the only sale, ever, in the State of Rhode Island, Anisa International's sales in Rhode Island amount to less than significantly less than 0.4% of its total revenues. *Id.*

---

[1] With the merger of Brooks and Rite-Aid on June 4, 2007, all future sales to the former Brooks will be through the corporate offices of Rite-Aid in Pennsylvania, leaving just one potential customer in Rhode Island. *Id.* at ¶ 9.

Anisa International does not advertise or direct any marketing or sales efforts specifically towards Rhode Island, although its website reaches potential customers in Rhode Island as it does potential customers nationwide and throughout the world. Anisa International's website is not, however, "interactive" and does not offer any products for sale or allow for the order or purchase of products through the website. *Id.* at ¶ 11.

Anisa International has one employee located in the State of Rhode Island, David Del Ponte. *Id.* at ¶ 12. Mr. Del Ponte was hired by Anisa International in November 2005. *Id.* He currently serves as the Vice President of Retail Sales for Anisa International. *Id.* As Vice President, he is responsible for Anisa International's sales throughout the United States. *Id.* Anisa International has other employees with sales responsibility for specified geographic regions both within and outside the United States. *Id.*

Mr. Del Ponte had previously worked for the plaintiff in this suit, JKA, Inc., which I understand to be located in Rhode Island. *Id.* at ¶ 13. When Anisa International hired Mr. Del Ponte, it permitted him to work from his home in North Kingstown, Rhode Island. *Id.* The decision to allow Mr. Del Ponte to work from his home was purely one of convenience for Mr. Del Ponte. *Id.* From a business perspective, there was no particular need to have Mr. Del Ponte work from any particular location because of the nature of his duties, namely calling on customers and potential customers. *Id.* Had Mr. Del Ponte not been living in Rhode Island, and had he not wished to continue to work there from his home, Anisa International would not have any employees in the State of Rhode Island. *Id.* The fact that Anisa International has a single employee in Rhode Island is a complete fortuity resulting from Mr. Del Ponte's personal decisions with respect to his personal residence. *Id.* His presence in Rhode Island is not the result of any intention, on the part of Anisa International, to create any business presence in

Rhode Island. *Id.* If Mr. Del Ponte were to move, for instance, to Massachusetts, Anisa International would not replace him in Rhode Island but, instead, would have a single employee in Massachusetts, working from his home there. *Id.*

Indeed, most of Mr. Del Ponte's duties involve contact with customers outside the State of Rhode Island. *Id.* at ¶ 14. Although he spends a majority of his time working at his residence, that work generally involves telephone and internet-based contact with the home office or with customers in other states. *Id.* The vast majority of his direct contact with customers takes place outside Rhode Island, generally in face-to-face meetings in Chicago, New York, and Bentonville, Arkansas. *Id.* All sales arranged by Mr. Del Ponte are channeled through Anisa International's home office in Atlanta. *Id.* Moreover, Mr. Del Ponte's assistant is (and always has been) physically located at the home office in Atlanta. *Id.*

Mr. Del Ponte does have a telephone and fax number in Rhode Island, but both of those are personal to Mr. Del Ponte; he secured them both independently of Anisa International. *Id.* at ¶ 15. Likewise, the post office box that Mr. Del Ponte uses for work correspondence, located in Rhode Island, was opened personally by Mr. Del Ponte. *Id.* Anisa International does reimburse him for those expenses, but does not hold any ownership interest or other rights in any of them. *Id.*

Other than employment tax paid to the State of Rhode Island associated with Mr. Del Ponte's income, Anisa International pays no tax to the State of Rhode Island. *Id.* at ¶ 16. Anisa International has never paid or been required to pay income tax to the State of Rhode Island. *Id.*

**Anisa International's Sale of Allegedly Infringing Products**

The complaint in this matter claims that Anisa International infringed on U.S. Patent No. D475,918 (the '918 patent). Although it does not specifically identify the allegedly infringing

goods, Anisa International understands the complaint to refer to a specific form of packaging used by Anisa International in connection with certain cosmetic brushes sold to K-Mart. *Id.* at ¶ 17. This packaging is used for a line of cosmetic brushes that is sold exclusively to K-Mart. *Id.* Anisa International has never sold any of the products that, upon information and belief, the plaintiff contends to infringe on the '918 patent in the State of Rhode Island. *Id.* at ¶ 18. All sales of such goods have been to K-Mart, to locations outside the State of Rhode Island. *Id.* Indeed, as noted above, Anisa International has made only one sale to a Rhode Island customer in its history; none of the goods involved in that sale included any of the products that are at issue in this case. *Id.* at ¶ 19. Moreover, none of the products that are at issue in this case were manufactured in Rhode Island; all of them were manufactured in China and delivered to customers outside of Rhode Island. *Id.* at ¶ 20.

## ARGUMENT

This Court lacks general personal jurisdiction over Anisa International because it does not have the requisite "minimum contacts" with the State of Rhode Island. Accordingly, the Court should grant its motion to dismiss.

### 1. Before The Court May Exercise Personal Jurisdiction Over Anisa International, Plaintiff Must Demonstrate That It Has The Necessary "Minimum Contacts" With Rhode Island

The question of personal jurisdiction – whether a court has the power to adjudicate a party's rights and liabilities – is a "necessary predicate" issue. *CVS Corp. v. Taubman Centers, Inc.*, 225 F.Supp.2d 120, 123 (D.R.I. 2003). The plaintiff bears the burden of alleging sufficient facts in its Complaint to make out a *prima facie* case for this Court's exercise of personal jurisdiction over Anisa International. *See, e.g., Women & Infants Hosp. of Rhode Island v. Community Health Network of Conn., Inc.*, 394 F.Supp.2d 488, 490 (D.R.I. 2005); *Russell v.*

*Enterprise Rent-A-Car Co. of Rhode Island*, 160 F.Supp.2d 239, 249 (D.R.I. 2001); *Morel ex rel. Moorehead v. Estate of Davidson*, 148 F.Supp.2d 161, 166 (D.R.I. 2001); *Union Wadding Co. v. White Swan, Ltd.*, 866 F.Supp. 71, 73 (D.R.I. 1994). The law of the forum state (here, Rhode Island) governs the issue of personal jurisdiction. *Hahn v. Vermont Law School*, 698 F.2d 48, 49 (1st Cir. 1983); *Union Wadding*, 866 F.Supp. at 73. If Plaintiff's Complaint does not demonstrate the appropriateness of haling Anisa International into court in this jurisdiction, it must be dismissed as a defendant in the case. *See Russell*, 160 F.Supp.2d at 249; *McKenney v. Kenyon Piece Dye Works, Inc.*, 582 A.2d 107, 108 (R.I. 1990).

"To make out a *prima facie* case of jurisdiction in Rhode Island, a plaintiff's allegations must satisfy the demands of G.L. 1956 (1985 Reenactment) § 9-5-33, Rhode Island's 'long-arm' statute."[2] *Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808, 809 (R.I. 1985). Rhode Island's long-arm statute extends the jurisdictional reach of Rhode Island courts to any party with "the necessary minimum contacts with the state." R.I. Gen. Laws § 9-5-33. This statutory language has been judicially interpreted to permit Rhode Island courts the fullest exercise of jurisdiction permitted by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See, e.g., Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 461 (1st Cir. 1990); *Women & Infants*, 394 F.Supp.2d at 491; *CVS Corp.*, 225 F.Supp.2d at 123. Due process requires that the defendant's contacts with the forum state are such that "traditional notions of fair play and substantial justice" are not offended by the court's exercise of jurisdiction. *International Shoe Co. v. State of Washington Office of Unemployment Compensation and*

---

[2] Section 9-5-33 provides:

> [e]very foreign corporation, every individual not a resident of this state . . . that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island . . . in every case not contrary to the provisions of the constitution or laws of the United States.

*Placement*, 326 U.S. 310, 316 (1945). The sufficiency of a defendant's contacts will depend upon the particular facts of the case; however, it is well settled that "[t]he unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state." *Bendick v. Picillo*, 525 A.2d 1310, 1312 (R.I. 1987) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Two separate categories of personal jurisdiction have been recognized under the Due Process Clause: specific jurisdiction and general jurisdiction. *See, e.g., CVS Corp.*, 225 F.Supp.2d at 124; *Thompson Trading Ltd. v. Allied Lyons PLC*, 123 F.R.D. 417, 425 (D.R.I. 1989). Specific jurisdiction may arise where the claim that is the subject of the litigation arises out of the defendant's contacts with the forum state and, as such, exists for the purposes of that litigation only. *See Ben's Marine Sales*, 502 A.2d at 809; *Thompson Trading*, 123 F.R.D. at 425. General jurisdiction, on the other hand, does not require a nexus between the defendant's contacts and the litigation. *Id.* It exists where a defendant's contacts with the state are so "continuous and systematic" as to constitute a "presence" by the defendant in the state such that he may fairly be subject to the state's judicial processes for any reason whatsoever. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Thompson Trading*, 123 F.R.D. at 425. Proof sufficient to predicate a finding of general jurisdiction is a far more onerous burden for the plaintiff to carry than that of specific jurisdiction. *Barry v. Mortgage Servicing Acquisition Corp.*, 909 F. Supp. 65, 74 (D.R.I. 1995) (the general jurisdiction standard is "considerably more stringent" than the standard for specific jurisdiction); *KVH Indus., Inc. v. Moore*, 789 F. Supp. 69, 71 (D.R.I. 1992) (same). This Court has held that the "continuous and systematic" requirement is only "satisfied when the defendant's forum contacts are 'extensive and pervasive.'" *Barry*, 909 F.Supp. at 75 (citation omitted.) "These contacts must be so

'substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *Id*. (citations omitted).

**2. The Plaintiff Has Not Alleged Facts That Would Support A Finding of Specific Jurisdiction Over Anisa International**

Specific jurisdiction arises when the harm complained of by the plaintiff resulted directly from the defendant's contact with the forum state. *Morel*, 148 F. Supp. 2d at 164. This Court may exercise specific jurisdiction over Anisa International only if the plaintiff satisfies a three-prong test demonstrating that: (1) its underlying claim directly arises out of, or relates to, Anisa International's activities in Rhode Island; (2) Anisa International has purposefully availed itself of the privilege of conducting activities in the State of Rhode Island; *and* (3) the exercise of jurisdiction is reasonable because Anisa International's connection with Rhode Island is such that it should reasonably anticipate being haled into a Rhode Island court. *See, e.g., Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1201-02 (Fed. Cir. 2003)[3]; *United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992); *Women & Infants*, 394 F.Supp.2d at 491; *CVS Corp.*, 225 F.Supp.2d at 124.

In its Complaint, the plaintiff fails to plead a single fact that establishes the necessary connection between its allegation of patent infringement and Anisa International's activities in the State of Rhode Island. Indeed, the *only* allegations about Anisa International in the Complaint are that (1) it is located in Georgia, (2) it is making and/or selling cosmetic cases that the plaintiff contends to embody the invention of the '918 patent, and (3) that its actions constitute patent infringement. The plaintiff fails to plead any facts whatsoever regarding when

[3] Because personal jurisdiction in patent infringement matters is "intimately related" to patent law, the federal due process analysis in this matter is governed by the decisions of the Federal Circuit. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994). In this case, Anisa International does not perceive any substantive difference between the law of the Federal and First Circuits, however.

or where the infringement took place. It fails to plead that Anisa International has any contacts with Rhode Island whatsoever, let alone sufficient contacts to permit the exercise of personal jurisdiction. This does not satisfy the plaintiff's obligation to meet its burden of establishing a *prima facie* case of specific jurisdiction.

The plaintiff makes no such allegations because it cannot. As evidenced in the accompanying Declaration of Anisa Telwar, the allegation of infringement has nothing to do with Rhode Island. The allegedly infringing goods were manufactured in China, and sold to Kmart outside Rhode Island by a Georgia company. Anisa Decl. at ¶¶ 17-20.

Because the plaintiff's Complaint fails to satisfy even the first prong of the three-part specific jurisdiction test, it clearly cannot meet the burden of demonstrating the Court's specific jurisdiction over Anisa International.[4]

**3. Anisa International Lacks The "Continuous And Systematic" Contacts With Rhode Island That Would Subject It To The General Jurisdiction Of The State's Courts.**

Having failed to plead sufficient facts to justify Rhode Island's exercise of specific personal jurisdiction over Anisa International, the plaintiff is also unable to produce sufficient evidence to meet the far more onerous burden of general jurisdiction. As demonstrated in the declaration of its owner and Chief Executive Officer, Anisa International plainly does not have the sort of "continuous and systematic" contacts with Rhode Island that constitute a "presence" in the state such that he could reasonably anticipate being haled into court here for any reason. *See generally* Anisa Decl.

Anisa International's contacts with Rhode Island consist of (1) a single sale that totaled less than one-half of one percent of its sales in 2006 to Brooks Pharmacy, headquartered in

[4] As set forth in Section 3, the plaintiff likewise does not and cannot satisfy the second and third prongs of the specific jurisdiction analysis.

Warwick, of goods that were delivered to locations outside the state, (2) occasional product presentations to CVS and, until recently, Brooks, and (3) a single employee working from his home office in North Kingstown. None of these facts is sufficient to constitute the sort of systematic presence in the State for the company to be subject to general personal jurisdiction here. Anisa International is and always has been a Georgia corporation, headquartered in Atlanta. All of its sales are made from its home office in Atlanta. All advertising, including its website (www.anisa.com), originates from its home office in Atlanta. All of its shipments of product are made either directly from its factory in China or through its home office in Atlanta. It is not registered, licensed, or otherwise authorized to do business in the State of Rhode Island, and has not appointed an agent for service of process in the State of Rhode Island. It does not own or lease any real or personal property in Rhode Island. It does not maintain a telephone listing, mailing address, or post office box in Rhode Island. It has no bank accounts in Rhode Island. It does not advertise or direct any marketing or sales efforts specifically towards Rhode Island, although its non-interactive website reaches potential customers in Rhode Island as it does potential customers nationwide and throughout the world. Anisa Decl, at ¶¶ 5-11.

The seminal Supreme Court case of *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984), is instructive on the issue of when contacts with a forum state are sufficiently continuous and systematic to subject a party to the general jurisdiction of a forum court. *Helicopteros* concerned a wrongful death action initiated in Texas against an out-of-state corporation engaged in the business of providing helicopter transportation for oil and construction companies in South America. 466 U.S. at 409. The defendant had purchased helicopters and equipment in Texas for many years and regularly sent its personnel to Texas for training and consultation with the seller. *Id*. at 411. The Court held that such contacts were

neither continuous nor systematic enough to subject the defendant to the general jurisdiction of the Texas courts. *Id*. The *Helicopteros* Court was far more concerned with the indicia of "continuous and systematic" contacts that were lacking:

> [Defendant] has never been authorized to do business in Texas and never has had an agent for service of process within the State. It never has performed helicopter operations in Texas or sold any product that reached Texas, never solicited business in Texas, never signed any contract in Texas, never had any employee based there, and never recruited an employee in Texas. In addition [defendant] never has owned real or personal property in Texas and never has maintained an office or establishment there. [Defendant] has maintained no records in Texas and has no shareholders in that State.

*Id*. Here, Anisa International's contact with Rhode Island is essentially limited to a single, small sale in 2006 to a customer that is no longer even located in Rhode Island and its employment of an individual who has chosen to work from his personal residence, which happens to be located in North Kingstown. Thus, Anisa International's cumulative contacts with Rhode Island are far fewer than those in *Helicopteros*, where the Court refused to allow the exercise of personal jurisdiction.

In previous cases decided by this Court, Sea World of Florida and the National Hockey League were held not to be subject to the jurisdiction of the Rhode Island court, despite far more significant contacts than Anisa International has with this forum. *See Russo v. Sea World of Florida, Inc.*, 709 F. Supp. 39, 41 (D.R.I. 1989); *Donatelli v. National Hockey League*, 708 F. Supp. 31, 35 (D.R.I. 1989), *rev'd on other grounds*, 893 F.2d 459 (holding that the NHL could not even be subject to specific personal jurisdiction on the basis of one of its member's forum contacts unless the league influenced or directed such actions). Sea World was held not to be subject to suit in Rhode Island even though it advertised in-state, permitted Rhode Island travel agents to carry its brochures, sold tickets through those agencies and derived 1.2% of its gross

annual revenues from Rhode Island residents. *Russo*, 709 F. Supp. at 41. Similarly, regularly televising hockey games in Rhode Island, selling merchandise in Rhode Island, and sending scouts and referees into Rhode Island for exhibition games was held insufficient contact with this state to trigger Rhode Island's general jurisdiction over the NHL. *Donatelli*, 708 F. Supp. at 35.

The Rhode Island contacts of Anisa International are far fewer than those of Sea World or the NHL. The type of limited contact that Anisa International has had with Rhode Island has been deemed not to give rise to jurisdiction in other cases involving non-forum defendants. For example, in *Riverhouse Publishing Co. v. Porter*, 287 F.Supp. 1, 8 (D.R.I. 1968), this Court held that a New York-based syndicate company that sent sales employees into Rhode Island two or three times per year to display various features that the syndicate might offer for newspaper publications within the state did not have sufficient minimum contact with Rhode Island to be subject to the general jurisdiction of the state's courts.

Other decisions concerning the fortuitous presence of limited personnel in the forum state have likewise found no general jurisdiction. The case of *Cole v. Stonhard Co.*, 12 F.R.D. 508 (N.D.N.Y. 1952), is typical and instructive. In *Cole*, the defendant was found not to be continuously and systematically present in the State of New York despite the presence of a single sales agent having an office in the forum. Just as in this case, the defendant was incorporated elsewhere, owned no real estate in New York, maintained no goods in New York, never paid taxes to New York, had no officers residing in New York, and had no bank account in New York. *Id.* at 509. The sales agent in *Cole* had a multi-state territory, and he worked from his home. His telephone was listed under his own name. There was no telephone listing for the defendant corporation in the forum. *Id.* Just so with Mr. Del Ponte, who works from his home in North Kingstown, is responsible for sales throughout the country and, other than his former

solicitation of Brooks Pharmacy and the occasional unsuccessful product presentation to CVS, sells his goods outside the jurisdiction. If the Due Process clause precludes the exercise of jurisdiction over the defendant in *Cole*, the same result is appropriate here.

Other decisions on analogous facts reach the same conclusion. For example, the First Circuit found there to be no general jurisdiction over a defendant who advertised in the forum, employed three sales representatives who lived in the forum, and sold products in the forum, but which had not appointed an agent for service of process. *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216-17 (1st Cir. 1984). The court noted that where a defendant's only activities consist of advertising and employing salesmen to solicit orders, fairness will not allow a state to exercise jurisdiction. *Id.* (quoting *Seymour v. Parke, Davis & Co.*, 423 F.2d 584 (1st Cir. 1970)). The Federal Circuit has tacitly endorsed a similar conclusion, that the presence of a single independent sales representative in the forum state is insufficient to confer general jurisdiction. *Hollyanne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1305 (Fed. Cir. 1999) (leaving undisturbed a finding of no specific jurisdiction where parties did not dispute issue of general jurisdiction).

On facts very similar to this case, the Eastern District of Pennsylvania found no general jurisdiction over a defendant corporation that hired a sales agent who worked out of his home office in the forum, contacted 4-6 customers in the forum state (as opposed to the two customers that Anisa International has here), used a cell phone with a forum state area code provided by defendant corporation (the corporation does not supply Mr. Del Ponte with his telephone), and acquired one sale in the forum state. *Endless Pools, Inc. v. Wave Tec Pools, Inc.*, 362 F.Supp.2d 578, 582 (E.D.Pa. 2005). Again, if Due Process does not permit general jurisdiction in *Endless Pools,* it cannot here.

It is well settled that the mere presence of a salesperson in the forum, without more, cannot be the sort of extensive contact with a forum state that might justify the exercise of personal jurisdiction. Here, Mr. Del Ponte does not work in an "Anisa International office" – he works in his home. Prior to his being hired by Anisa International, the company had no presence in the state whatsoever and if he were to move his *personal* residence outside the state (or, presumably, to cease to work for the company), the company would not replace his presence here in Rhode Island. In other words, Anisa International has not made any business decision to have an employee in Rhode Island. Rather, it decided to hire Mr. Del Ponte, and *his* decision to live here resulted in the company having an employee working in the state. Mr. Del Ponte's presence in Rhode Island, which is entirely fortuitous and cannot be understood to be a purposeful attempt by Anisa International to operate its business here in Rhode Island, is similar to the mere presence of property owned by the defendant in the forum state, which has been held to be insufficient to create jurisdiction. *See, e.g.*, *Barry v. Mortgage Servicing Acquisition Corp.*, 909 F. Supp. 65, 74-75 (R.I. 1995) (accepting report and recommendation of Lovegreen, M.J.).

Similarly, a single sale amounting to less than one-half of one percent of Anisa International's 2006 sales is insufficient to constitute continuous, purposeful, and systematic contacts with Rhode Island. Judge Gibney, of the Rhode Island Superior Court, recently confronted a very analogous situation and found that such contacts could not sustain the exercise of general jurisdiction. *See Ballew v. Olson Technologies, Inc.*, slip op., C.A. No. PC 05-5108 (R.I. Super. Oct. 17, 2006) (attached as **Exhibit A**). Judge Gibney concluded that sales over a number of years (Anisa International has made just one, ever) that never exceeded 0.52% of the defendant's sales in any one year (Anisa's sale was less than that) would not support the exercise of general jurisdiction. *Ballew*, slip op. at 4 (citing *White v. Shiller Chemicals, Inc.*, 379 F. Supp.

101, 104 (D.R.I. 1974), *Injen Tech. Co. Ltd. V. Advanced Engine Mgmt.*, 270 F. Supp. 2d 1189, 1194 (S. D. Cal. 2003), *Stark Carpet Corp. v. M-Geough Robinson, Inc.*, 481 F. Supp. 499, 505 (S.D.N.Y. 1980), and *Noonan v. Winston Co.*, 135 F.3d 85, 92-93 (1st Cir. 1998).

Thus, in accordance with the rulings of this Court as well as the consistent decisions of other courts, both state and federal, Anisa International's limited interaction with Rhode Island cannot justify the exercise of general jurisdiction over him by this Court.

**4. Should This Court Not Dismiss The Complaint, The Case Should Be Transferred to The United States District Court for The Northern District of Georgia**

As explained above, the Complaint should be dismissed because this Court lacks *in personam* jurisdiction over Anisa International. However, should the Court find that it does have jurisdiction over Anisa International, or should the Court find that the interests of justice warrant it, this matter should be transferred to the United States District Court for the Northern District of Georgia. As a Georgia corporation with its principal place of business in Atlanta, there is no question but that Anisa International is subject to personal jurisdiction in that court. As this matter is grounded in the Patent Act, the court would likewise have subject matter jurisdiction.

Should it find transfer to be in the interests of justice, the Court unquestionably has the authority to transfer this action regardless of its determination of the personal jurisdiction question with respect to Rhode Island. If there is jurisdiction here, then the Court is empowered to transfer this case pursuant to 28 U.S.C. § 1404.[5] If not, then the case may be transferred under 28 U.S.C. § 1631.

[5] Should the Court find jurisdiction here over Anisa International, transfer under Section 1404(a) is a matter of discretion for this Court. Certainly, this matter "could have been brought" in the Northern District of Georgia for that is a "judicial district where the defendant resides." *See* 28 U.S.C. § 1400 (establishing venue in patent and other actions). The venue requirements being satisfied, transfer is a discretionary matter. *Cruz v. Hartford Cas. Co.*, [WESTLAW CITE] (D.R.I. May 25, 2005).

## CONCLUSION

The plaintiff has failed to establish a *prima facie* case that this Court has jurisdiction over Anisa International. It has plainly not alleged contacts sufficient to support specific jurisdiction over Anisa International and, indeed, has failed to plead a single fact concerning Anisa International's contacts with Rhode Island, much less any conduct related to any alleged infringement. Likewise, there is an absence of sufficient contacts between Anisa International and the State of Rhode Island to support general jurisdiction over it. Accordingly, for all of the foregoing reasons, this Court should dismiss the Complaint for lack of personal jurisdiction. Alternatively, the Court should transfer this action to the United States District Court for the Northern District of Georgia, a court that would unquestionably have jurisdiction over the defendant.

ANISA INTERNATIONAL, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin
Jeffrey K. Techentin (#6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: June 14, 2007

**CERTIFICATE OF SERVICE**

TO:

Mark A. Pogue
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that I filed the within Motion to Dismiss for Lack of Jurisdiction or, in the alternative, to Transfer through the ECF system on the 14th day of June, 2007, and that notice will be sent electronically to the above-named counsel who is a registered participant identified on the Mailing Information for Case No. 07-123S.

/s/ Jeffrey K. Techentin_________

*420494_1*