STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC SUPERIOR COURT

CLARENCE BALLEW :
:
v. : C.A. No. PC 05-5108
:
OLSON TECHNOLOGIES, INC., et al. :

ORDER

GIBNEY, J. Before the court is Defendant Olson Technologies, Inc.'s (Olson) motion to dismiss for lack of personal jurisdiction pursuant to Super. R. Civ. P. 12(b)(2).[1] Plaintiff Clarence Ballew (Mr. Ballew) objects to the motion.

Facts/Travel

Mr. Ballew has filed a claim against Olson and other defendants in Providence Superior Court, alleging that he has suffered personal injury as a result of exposure to asbestos.

In support of its motion to dismiss, Olson has submitted the affidavit of Robert Lutton, the plant manager for Olson Technologies, which reveals the following facts:

Olson is incorporated in the Commonwealth of Pennsylvania and it has one office and one plant, both located in Allentown, Pennsylvania. Olson manufactures industrial valves, and employs 45 employees, all of whom live in Pennsylvania. It does not have an office or any employees in Rhode Island; it is not registered, licensed, or otherwise authorized to do business in Rhode Island. Olson does not own or lease any real property in Rhode Island, nor does it have a telephone listing, mailing address, or post office box

[1] Olson was incorrectly sued as "Homestead Valves". Olson had acquired the assets of the Ecolaire Valve Company in 1985; Ecolaire had purchased the assets of Homestead Valve in 1977. Homestead Valve is an unincorporated division of Olson Technologies.

in this state. Olson has no bank accounts in Rhode Island and does not advertise or direct any marketing efforts here. It has never paid, nor has it been requested to pay, income tax to the State of Rhode Island.

Olson does use the assistance of independent contractors to sell its products through distributors located throughout the United States; however, Olson has no representative based in Rhode Island.

During the past five years, less than 0.3% of Olson's total sales of its products have been sold to customers in Rhode Island.[2] For the past five years, sales to Rhode Island customers never accounted for more than 0.52% of sales in any one year.

In addition, Olson submitted portions of the deposition of Mr. Bellew, in which he testifies that he remembers being around and working with Homestead valves. He also states that he does not think he ever saw a Homestead valve in Rhode Island.

## Law and Analysis

"It is well established that to withstand a defendant's Rule 12(b)(2) motion to dismiss a complaint for lack of personal jurisdiction, a plaintiff must allege sufficient facts to make out a prima facie case of jurisdiction." Cerberus Partners, L.P. v. Gadsby & Hannah, LLP, 836 A.2d 1113, 1118 (R.I. 2003) (citing Ben's Marine Sales v. Sleek Craft Boats, 502 A.2d 808, 809 (R.I. 1985)). The prima facie case is established "when the requirements of the Rhode Island long-arm statute are satisfied". Id.

Rhode Island's long-arm statute, which governs the state's jurisdiction over non-resident defendants, allows Rhode Island courts to exercise its jurisdiction to the full

[2] Over the past five years, Olson has sold $30,343,000 of product throughout the United States, $77,000 of which consisted of sales to customers located in Rhode Island.

constitutional limit. See G.L. 1956 (1985 Reenactment) § 9-5-33; Conn v. ITT Aetna Finance Co., 105 R.I. 397, 252 A.2d 184, 186 (1969).

Due process requires that a non-resident defendant have sufficient minimum contact with the forum state in order to be subject to its jurisdiction. Coia v. Stephano, 511 A.2d 980, 982 (R.I. 1986) (quoting Roger Williams Hosp. v. Fall River Trust Co., 423 A.2d 1384 (R.I. 1981)); Int'l Shoe Co. v. Washington, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1995). These contacts must be sufficient to ensure that the court's exercise of jurisdiction will not violate "traditional notions of fair play and substantial justice". Coia, 511 A.2d at 982; International Shoe Co., 326 U.S. at 316. Each case requires an individual analysis to determine whether sufficient contacts exist to satisfy due process. Coia, 511 A.2d at 982.

In making a personal jurisdiction determination, the Court must determine whether the defendants "purposefully availed themselves of the privilege of conducting activity within the State of Rhode Island thereby invoking the benefit and protections of this state's laws." Almeida v. Radovsky, 506 A.2d 1373, 1375 (R.I. 1986) (citing Hanson v. Denckla, 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)).

The Rhode Island courts have recognized two types of personal jurisdiction: general and specific. "When its contacts with a state are continuous, purposeful, and systematic, a nonresident defendant will subject itself to the general jurisdiction of that forum's courts with respect to all claims, regardless of whether they relate to or arise out of the nonresident's contacts with the forum." Cerberus Partners, L.P. v. Gadsby & Hannah, LLP, 836 A.2d 1113, 1118 (R.I. 2003) (quoting Rose v. Firstar Bank, 819 A.2d 1247, 1250 (citing Int'l Shoe Co., 326 U.S. at 318)). To sustain such specific

jurisdiction, "all that need be shown is a 'relationship among the defendant, the forum, and the litigation.'" Rose, 819 A.2d at 1251 (citing Ben's Marine Sales v. Sleek Craft Boats, 502 A.2d 808, 812 (R.I. 1985) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984))).

In this case, the plaintiff has not alleged any connection between his claim and the State of Rhode Island, precluding a finding of specific jurisdiction. Therefore, the Court's analysis will focus on general jurisdiction.

It is clear from the facts before the court that Olson currently has no continuous, purposeful, and systematic contacts with Rhode Island. It does not have a business presence in the state, and only a very small percentage of its total sales have been to Rhode Island customers. "[T]his Court must in making its jurisdictional decision consider defendant's dollar amount of business in Rhode Island as well as the percentage of its Rhode Island business as against its total corporate sales." White v. Shiller Chemicals, Inc., 379 F. Supp. 101, 104 (D.R.I. 1974), *aff'd* 503 F.2d 1396 (1st Cir. 1974). Other jurisdictions have found that even larger percentage of total sales was insufficient to support an exercise of personal jurisdiction over the non-resident defendant. See e.g., Injen Tech. Co. Ltd. v. Advanced Engine Mgmt., 270 F. Supp. 2d 1189, 1194 (D. Cal. 2003) (finding that 2% of defendant's total sales to forum state were not the kind of "systematic and continuous" contacts that would warrant the exercise of general jurisdiction); Stark Carpet Corp. v. M-Geough Robinson, Inc., 481 F. Supp. 499, 505 (S.D.N.Y. 1980) (holding that when only 2% of defendant's total sales were to the forum state, general personal jurisdiction could not be exercised); Noonan v. Winston Co., 135 F.3d 85, 92-93 (1st Cir. 1998) (holding that business solicitation in forum state

and approximately $585,000 in orders was insufficient to establish general personal jurisdiction over the defendant). Likewise, this Court finds that the small amount of sales to Rhode Island is insufficient to support an exercise of general personal jurisdiction.

Mr. Ballew also argues that Olson has incompletely answered his discovery interrogatories, and that as a result he does not have the information necessary to make his prima facie case for general personal jurisdiction. Specifically, Mr. Ballew argues that, because Olson did not supply its business records prior to 1985, it is impossible to determine if Olson had sufficient business contacts with Rhode Island before that year.

Olson argues that the relevant years to examine when making a general personal jurisdiction determination are the years surrounding the filing of the complaint, here 2005. It claims that it has supplied all relevant information, and that Mr. Ballew has no basis for his further discovery requests.

The Rhode Island Supreme Court has held that "the court [will] not grant the plaintiff a license to engage in a "fishing expedition." Coia, 511 A.2d at 984. In that case, the Court found that there was no "great deal of controversy surrounding the question of minimum contacts". Id. (distinguishing that case from Smith v. Johns-Manville Corp., 489 A.2d 336 (R.I. 1985), where there had been an indication of defendant having previous minimum contacts with Rhode Island). The Court ruled that in such a case, with an "absence of any specific allegations that would support a finding of personal jurisdiction[,] "[w]e would be issuing a fishing license to the plaintiff if we allowed jurisdictional fact discovery on this record." Id.

Similarly, in this case there is nothing in the record to indicate that Olson has had any previous contacts with the State of Rhode Island. The Court will not allow Mr.

Ballew to make such vast discovery requests when he can offer no indication that Olson has the kinds of "continuous, purposeful, and systematic" contacts with Rhode Island necessary to establish general personal jurisdiction.

Accordingly, the motion to dismiss is granted. Counsel shall submit an order for entry.