UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JKA, INC. d/b/a DIVERSIFIED DISTRIBUTION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-123 S |
| ANISA INTERNATIONAL, INC., | : | |
| Defendant. | : | |

ANISA TELWAR, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the sole owner and Chief Executive Officer of Anisa International, Inc. ("Anisa International"), the defendant in the above-captioned litigation, and have served in such capacity since Anisa International was founded in 2001. I make this declaration based upon my personal knowledge and my review of documents in Anisa International's possession.

2. I make this declaration in support of the motion of Anisa International, Inc., to dismiss the above-captioned litigation for lack of personal jurisdiction and improper venue.

General Background of Anisa International

3. Anisa International is a for-profit corporation duly incorporated under the laws of the State of Georgia with its corporate offices in Atlanta, Georgia. Anisa International is exclusively engaged in the business of marketing and selling cosmetic and bath products at the wholesale level. Anisa International markets cosmetic brushes and accessories, such as compacts, and bath products such as brushes, slippers, and puffs.

4. Anisa International manufactures its cosmetic brush products and many of the packages for those brushes at its own factory located in China. Anisa International's other products are obtained from other factories located in China that are not directly affiliated with Anisa International. Anisa International sells its products in a variety of markets, including

within the United States. Anisa International's customers include a variety of retail outlets, such as K-Mart.

Anisa Internationals Contacts With Rhode Island

5. Anisa International is and always has been a Georgia corporation, headquartered in Atlanta. All of Anisa International's sales are made from its home office in Atlanta. All advertising, including Anisa International's website (www.anisa.com), originates from its home office in Atlanta. All shipments of product sold by Anisa International are made either directly from its factory in China or through its home office in Atlanta.

6. Anisa International is not registered, licensed, or otherwise authorized to do business in the State of Rhode Island, and has not appointed an agent for service of process in the State of Rhode Island.

7. Anisa International does not own or lease any real or personal property in Rhode Island. It does not maintain a telephone listing, mailing address, or post office box in Rhode Island. Anisa International has no bank accounts in Rhode Island.

8. Anisa International currently has (and as of the date of the filing of the complaint in this matter, had) no customers in Rhode Island. Two potential customers of Anisa International have been located in Rhode Island: the CVS and Brooks pharmacy chains. Although Anisa International has, from time to time, presented its products to CVS (as it has to innumerable other prospective customers throughout the country), it has made no sales to CVS. Anisa International has made one sale to Brooks in 2006 for a gross sales price of $53,809.92. Although that transaction was between Anisa International in Atalanta, Georgia and Brooks in Warwick, Rhode Island, none of the products purchased by Brooks were actually shipped to Rhode Island. Rather, the actual products were shipped to Brooks locations in Liverpool, New

York, Bohemia, New York, Charlotte, North Carolina, Langhorne, Pennsylvania, Newman, Georgia, and Dayville, Connecticut.

9. I understand that with the merger of Brooks and Rite-Aid on June 4, 2007, all future sales to the former Brooks will be through the corporate offices of Rite-Aid in Pennsylvania, leaving just one potential customer in Rhode Island.

10. Anisa International's sole Rhode Island sale represented just 0.4% of Anisa International's business for the year 2006. That being the only sale, ever, in the State of Rhode Island, Anisa International's sales in Rhode Island amount to less than significantly less than 0.4% of its total revenues.

11. Anisa International does not advertise or direct any marketing or sales efforts specifically towards Rhode Island, although its website reaches potential customers in Rhode Island as it does potential customers nationwide and throughout the world. Anisa International's website is not, however, "interactive" and does not offer any products for sale or allow for the order or purchase of products through the website.

12. Anisa International has one employee located in the State of Rhode Island, David Del Ponte. Mr. Del Ponte was hired by Anisa International in November 2005. He currently serves as the Vice President of Retail Sales for Anisa International. As Vice President, he is responsible for Anisa International's sales throughout the United States. Anisa International has other employees with sales responsibility for specified geographic regions both within and outside the United States.

13. Mr. Del Ponte had previously worked for the plaintiff in this suit, JKA, Inc., which I understand to be located in Rhode Island. When Anisa International hired Mr. Del Ponte, it permitted him to work from his home in North Kingstown, Rhode Island. The decision

to allow Mr. Del Ponte to work from his home was purely one of convenience for Mr. Del Ponte. From a business perspective, there was no particular need to have Mr. Del Ponte work from any particular location because of the nature of his duties, namely calling on customers and potential customers. Had Mr. Del Ponte not been living in Rhode Island, and had he not wished to continue to work there from his home, Anisa International would not have any employees in the State of Rhode Island. The fact that Anisa International has a single employee in Rhode Island is a complete fortuity resulting from Mr. Del Ponte's personal decisions with respect to his personal residence. His presence in Rhode Island is not the result of any intention, on the part of Anisa International, to create any business presence in Rhode Island. If Mr. Del Ponte were to move, for instance, to Massachusetts, Anisa International would not replace him in Rhode Island but, instead, would have a single employee in Massachusetts, working from his home there.

14. Indeed, most of Mr. Del Ponte's duties involve contact with customers outside the State of Rhode Island. Although he spends a majority of his time working at his residence, that work generally involves telephone and internet-based contact with the home office or with customers in other states. The vast majority of his direct contact with customers takes place outside Rhode Island, generally in face-to-face meetings in Chicago, New York, and Bentonville, Arkansas. All sales arranged by Mr. Del Ponte are channeled through Anisa International's home office in Atlanta. Moreover, Mr. Del Ponte's assistant is (and always has been) physically located at the home office in Atlanta.

15. Mr. Del Ponte does have a telephone and fax number in Rhode Island, but both of those are personal to Mr. Del Ponte; he secured them both independently of Anisa International. Likewise, the post office box that Mr. Del Ponte uses for work correspondence, located in Rhode

Island, was opened personally by Mr. Del Ponte. Anisa International does reimburse him for those expenses, but does not hold any ownership interest or other rights in any of them.

16. Other than employment tax paid to the State of Rhode Island associated with Mr. Del Ponte's income, Anisa International pays no tax to the State of Rhode Island. Anisa International has never paid or been required to pay income tax to the State of Rhode Island.

Anisa International's Sale of Allegedly Infringing Products

17. The complaint in this matter claims that Anisa International infringed on U.S. Patent No. D475,918 (the '918 patent). Although it does not specifically identify the allegedly infringing goods, I understand the complaint to refer to a specific form of packaging used by Anisa International in connection with certain cosmetic brushes sold to K-Mart. This packaging is used for a line of cosmetic brushes that is sold exclusively to K-Mart.

18. Anisa International has never sold any of the products that, upon information and belief, the plaintiff contends to infringe on the '918 patent in the State of Rhode Island. All sales of such goods have been to K-Mart, to locations outside the State of Rhode Island.

19. As noted above, Anisa International has made only one sale to a Rhode Island customer in its history. None of the goods involved in that sale included any of the products that, upon information and belief, the plaintiff contends to infringe on the '918 patent

20. None of the products that, upon information and belief, the plaintiff contends to infringe on the '918 patent were manufactured in Rhode Island. All of them were manufactured in China and delivered to customers outside of Rhode Island.

I declare under penalty of perjury that the foregoing testimony is true and correct.

Executed on June 12, 2007.

Anisa Telwar

*419950_1*