UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JKA, INC. d/b/a DIVERSIFIED DISTRIBUTION,<br><br>Plaintiff,<br><br>v.<br><br>ANISA INTERNATIONAL INC.,<br><br>Defendant. | ) | Civil Action No. 07-123-S |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to F. R. Civ. P. 37, plaintiff JKA Inc. ("JKA") hereby moves for an order compelling defendant Anisa International Inc. ("Anisa") to produce all documents responsive to the document requests discussed below.

JKA requests that Anisa be directed to produce the documents discussed below within 14 days of the date this motion is granted.

**Background**

On July 16, 2007, JKA served a set of 23 document requests on Anisa. The document requests were intended to elicit information relevant to Anisa's claim that it is not subject to personal jurisdiction in Rhode Island. On August 30, 2007, Anisa objected to 16 of the 23 document requests, and provided documents responsive to the other requests.

On September 14, 2007, counsel for the parties conferred to discuss Anisa's objections to the document requests. Counsel were able to resolve a number of the objections. The document

requests and associated objections by Anisa which counsel were unable to resolve are set forth and discussed below.

## Discussion

**Request No. 1:** All Documents (including, without limitation, correspondence, faxes and emails) sent from Anisa to Del Ponte in Rhode Island since November 1, 2005.

**Objection:** Anisa objects to Request No. 1 on the grounds that it is overbroad and unduly burdensome and seeks documents not relevant to the issue of the propriety of the exercise of personal jurisdiction over Anisa, which is the sole issue as to which JKA, Inc. d/b/a Diversified Distribution ("Diversified") has been permitted to seek discovery at the present time. Anisa further objects to Request No. 1 on the grounds that is improperly seeks confidential, proprietary business information of a direct business competitor and therefore constitutes an improper use of jurisdictional discovery proceedings.

**Discussion:** Personal jurisdiction over a foreign defendant may be “general” or “specific.” JKA contends that Anisa is subject to general personal jurisdiction in Rhode Island. General jurisdiction exists when there are “continuous and systematic general business contacts between the foreign defendant and the forum,” even if those contacts are unrelated to the suit. United States v. Swiss American Bank, Ltd., 274 F.23d 610, 619 (1st Cir. 2001). To determine whether such continuous and systematic business contacts exist, the court must perform “a fact-specific evaluation of the defendant’s contacts with the forum” in light of “the types of contacts deemed sufficiently continuous and systematic in other cases.” Id. (quoting Noonan v. Winston Co., 135 F.3d 85, 93 (1st Cir. 1988)).

Unquestionably, the “types of contacts deemed sufficiently continuous and systematic in other cases” include correspondence, faxes and emails sent from the foreign defendant into the

forum state.[1] The document request at issue here seeks just such documents. Del Ponte is an officer of Anisa who lives and works in Rhode Island. He began working for Anisa in November 2005. Thus, JKA's document request no. 1 seeks business-related written communications sent from Anisa to Del Ponte in Rhode Island.

Because writings sent from foreign defendants into the forum state are among "the types of contacts deemed sufficiently continuous and systematic in other cases," they are directly relevant to the question whether this Court has general personal jurisdiction over Anisa. This request is therefore proper, and Anisa's objections that this request is irrelevant and overly broad should therefore be overruled.

Anisa has also objected to this request on grounds that compliance would require producing confidential, proprietary business information to a business competitor. To address this concern, JKA is willing to enter into a Protective Order which would provide that only JKA's attorneys may review any documents which are confidential or proprietary.

**Request No. 4:** All Documents (including, without limitation, correspondence, faxes and emails) sent from Anisa into Rhode Island since July 1, 2003.

**Objection:** Anisa objects to Request No. 4 on the grounds that it is overbroad and unduly burdensome and seeks documents not relevant to the issue of the propriety of the exercise of personal jurisdiction over Anisa, which is the sole issue as to which Diversified has been permitted to seek discovery at the present time. Anisa further objects to Request No. 4 on the

---

[1] See, e.g., Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 284 F. Supp 2d 204, 210-11 (D. Mass. 2003) (quantifying and reviewing foreign defendants' letters, faxes and phone calls made to the forum as part of jurisdictional analysis); Darius Intern., Inc. v. Young, 2006 WL 1071655 *20 (E.D. Pa. 2006 ("Case law clearly holds that telephone, facsimile, and email communications sent by a defendant into the forum state may count toward the minimum contacts necessary to establish personal jurisdiction." (citation omitted); Fiscus v. Combus Finance AG, 2006 WL 1722607 *7n.6 (D.N.J. 2006) ("[Defendant's] telephone, fax, mail and electronic mail contacts . . . is sufficient minimum contacts . . ."); Commodities Specialists Co. v. Brummet, 2002 WL 31898166 *3 (D. Minn. 2002) ("The parties' argument here is whether [defendant's] phone calls, faxes, and emails constitute minimum contacts to support personal jurisdiction. The Court finds that they do.")

grounds that it improperly seeks confidential, proprietary business information of a direct business competitor and therefore constitutes an improper use of jurisdictional discovery proceedings.

**<u>Discussion</u>:** This request is somewhat broader than no. 1. It seeks production of <u>any</u> document which Anisa has sent into Rhode Island since July 1, 2003. As shown above, communications sent by a foreign defendant into the forum state are relevant to the analysis of whether personal jurisdiction exists. For this reason, notwithstanding Anisa's objection, this request is relevant and is not overly broad. Anisa's concern about disclosing proprietary information to a competitor can be addressed through the entry of an appropriate Protective Order, as discussed above.

**<u>Request No. 8</u>:** All Documents (including, without limitation, correspondence, summaries, faxes and emails) reflecting Del Ponte's activities in Rhode Island on behalf of Anisa.

**<u>Objection</u>:** Anisa objects to Request No. 8 on the grounds that it is overbroad and unduly burdensome and seeks documents not relevant to the issue of the propriety of the exercise of personal jurisdiction over Anisa, which is the sole issue as to which Diversified has been permitted to seek discovery at the present time. Anisa further objects to Request No. 8 on the grounds that it improperly seeks confidential, proprietary business information of a direct business competitor and therefore constitutes an improper use of jurisdictional discovery proceedings.

**<u>Discussion</u>:** This request seeks documents reflecting the activities of Anisa's officer, Del Ponte, in Rhode Island. Such document are highly relevant to the general jurisdiction analysis. To begin with, the activities of Del Ponte are attributable to Anisa for purposes of personal

jurisdiction. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 55 (1st Cir. 2002) ("For purposes of personal jurisdiction, the actions of an agent may be attributed to the principal."). Second, the precise nature of the activities performed by Del Ponte for Anisa in Rhode Island will have a significant bearing on whether general personal jurisdiction exists. For example, in Helicopteros Nacionales de Colombia, S.A. v. Hall, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), the Supreme Court held that the defendant corporation's contacts with the forum state were not "continuous and systematic" because the company had never performed operations or solicited business within the state. On the other hand, in Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed.2d 485 (1952), the court found that the in-forum activities of an officer of the defendant corporation – including the fact that he maintained an office in the forum, stored records in the forum, and conducted meetings there – did amount to continuous and systematic contacts, and established general personal jurisdiction..

Here, the request at issue seeks documents relating to the in-forum activities of one of Anisa's corporate officers. As shown above, this request is highly relevant to the general jurisdiction analysis. As a result, Anisa's objections on grounds of relevance and breadth should be rejected. Anisa's concerns about disclosing proprietary information can be addressed through the entry of an appropriate Protective Order.

**Request No. 17:** All sales literature distributed in Rhode Island by Anisa (including by Del Ponte) since July 1, 2003.

**Objection:** Anisa objects to Request No. 17 on the grounds that it improperly seeks confidential, proprietary business information of a direct business competitor and therefore constitutes an improper use of jurisdictional discovery proceedings. Specifically, Anisa does not distribute pre-printed or form literature, nor has it done so in Rhode Island. Rather, any "sales

literature" shared with prospective customers would comprise an individualized, tailored price proposal, which information is highly confidential, entirely proprietary, and irrelevant to the question of personal jurisdiction over Anisa.

**Discussion:** Anisa's only objection to this request relates to its concern about disclosing confidential or proprietary documents. As discussed above, this concern can be addressed through the entry of an appropriate Protective Order

**Conclusion**

For the foregoing reasons, JKA's motion to compel production of documents from Anisa should be granted. Anisa should be directed to produce all documents responsive to the requests discussed herein within 14 days of the date this motion is granted. If necessary, JKA is prepared to enter into an appropriate protective order with regard to certain of the documents produced.

JKA, INC., d/b/a DIVERSIFIED DISTRIBUTION,

By its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
401.274.9200
401.276.6611 Telecopy

Of Counsel:

Robert J. Doherty
10-11 George Street
Barrington, RI 02806

**Certification**

Pursuant to F. R. Civ. P. 37, I certify that I have conferred in good faith with opposing counsel in an effort to resolve the matters discussed herein without court intervention.

/s/ Mark A. Pogue

**Certificate of Service**

I hereby certify that on the 21st day of September, 2007 a copy of the foregoing was served via ECF to:

Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan PC
One Citizens Plaza
Providence, RI 02903

/s/ Mark A. Pogue