UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JKA, INC. d/b/a DIVERSIFIED DISTRIBUTION,<br><br>Plaintiff,<br><br>v.<br><br>ANISA INTERNATIONAL INC.,<br><br>Defendant. | Civil Action No. 07-123-S |

**PLAINTIFF'S MOTION TO COMPEL**
**<u>INTERROGATORY ANSWERS FROM DEFENDANT</u>**

Pursuant to F. R. Civ. P. 37, plaintiff JKA Inc. ("JKA") hereby moves for an order compelling defendant Anisa International, Ltd. ("Anisa") to answer the two interrogatories discussed below. JKA requests that Anisa be directed to answer the interrogatories within 14 days after the date this motion is granted.

**<u>Background</u>**

On July 16, 2007, JKA served a set of 25 interrogatories on Anisa. The interrogatories were intended to elicit information relevant to Anisa's claim that it is not subject to personal jurisdiction in Rhode Island. On August 30, 2007, Anisa objected to 16 of the 25 interrogatory and answered the others.

On September 14, 2007, counsel for the parties conferred to discuss Anisa's objections to the interrogatories. Counsel were able to resolve several of the objections. The interrogatories and associated objection which counsel were unable to resolve is discussed below.

**<u>Discussion</u>**

**Interrogatory No. 6:** With respect to the packaging which Anisa sells to K-Mart and described in paragraph 17 of the Declaration of Anisa Telwar, i) state when Anisa first began selling this packaging to K-Mart; ii) state the dollar value of the packaging which Anisa has sold to K-Mart; and iii) identify the personnel at K-Mart with whom Anisa has dealt in connection with the packaging.

**Objection:** Anisa objects to Interrogatory No. 6 on the grounds that its sales to K-Mart have not been made in the State of Rhode Island and such sales are therefore not relevant to the issue of whether Rhode Island may properly exercise personal jurisdiction over Anisa, which is the sole issue on which the Plaintiff has been permitted to take discovery at this time. Anisa further objects to Interrogatory No. 6 on the grounds that it seeks confidential, proprietary business information from a direct competitor that is entirely irrelevant to the issues now presented and therefore constitutes an improper use of discovery procedures.

**Discussion:** JKA has determined that K-Mart is selling the accused product manufactured by Anisa in Rhode Island. In order to investigate how the accused product ended up in Rhode Island, JKA seeks the information requested in subpart iv of this interrogatory – the identity of the K-Mart personnel with whom Anisa dealt in connection with its sales to K-Mart of the accused product.

Anisa has objected to this interrogatory on grounds that "its sales to K-Mart have not been made in the State of Rhode Island." While Anisa's sales may not have been consummated in Rhode Island, Anisa's knowledge that K-Mart would sell the accused product in Rhode Island is relevant to the jurisdictional inquiry. To investigate this issue, JKA intends to question the K-Mart personnel with whom Anisa dealt.

JKA withdraws subparts i-iii of this interrogatory.

**<u>Interrogatory No. 25</u>:** Provide a list of every document (other than letters, faxes and emails) which Del Ponte has created in Rhode Island since November 1, 2005 in connection with his work for Anisa.

**<u>Objection</u>:** Anisa objects to Interrogatory No. 25 on the grounds that it is unduly burdensome, in that it purports to require Anisa to create a list ever document he has ever created during his time with Anisa (other than letters, faxes, and emails). Anisa is under no obligation to create documents, including such a list, in response to an interrogatory, nor is an interrogatory an appropriate mechanism for requesting such a list (*see*) Fed. R. Civ. P. Rule 34); additionally, no such list exists.

**<u>Discussion</u>:** Anisa has objected to this interrogatory on grounds that "it purports to require AI to create a list." This highly semantical objection has no merit. Instead of stating "Please provide a list . . ." the interrogatory could just have easily been phrased "Please list . . ." An interrogatory phrased in the second way would be perfectly appropriate. While interrogatories cannot require parties to create documents, as Anisa contends, they can certainly require parties to provide information in writing. That is all this interrogatory requires.

Anisa's other objection – undue burden – is also baseless. Anisa's objection consists of nothing more than the naked assertion that responding to this question would be unduly burdensome. But Anisa has made no demonstration that providing the requested information would impose any hardship at all. Moreover, the interrogatory explicitly excludes faxes, emails and letters from the scope of the information requested. In these circumstances, there is no basis for concluding that this question is unduly burdensome.

## Conclusion

For the foregoing reasons, JKA's motion to compel answers to interrogatories should be granted.

JKA, INC., d/b/a DIVERSIFIED DISTRIBUTION,

By its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
401.274.9200
401.276.6611 Telecopy

Of Counsel:

Robert J. Doherty
10-11 George Street
Barrington, RI 02806

## Certification

Pursuant to F. R. Civ. P. 37, I certify that I have conferred in good faith with opposing counsel in an effort to resolve the matters discussed herein without court intervention.

/s/ Mark A. Pogue

**Certificate of Service**

I hereby certify that on the 21st day of September, 2007 a copy of the foregoing was served via ECF to:

Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan PC
One Citizens Plaza
Providence, RI 02903

/s/ Mark A. Pogue