UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JKA, INC. d/b/a DIVERSIFIED DISTRIBUTION,
Plaintiff,

v. CA 07-123 S

ANISA INTERNATIONAL INC.,
Defendant.

**ORDER**
**RE MOTIONS HEARD**
**ON OCT. 25, 2007**

Before the Court are two motions filed by Plaintiff JKA, INC. d/b/a Diversified Distribution ("Plaintiff"):

1. Plaintiff's Motion to Compel Production of Documents (Document ("Doc.") #10) ("Motion to Compel Production");

2. Plaintiff's Motion to Compel Interrogatory Answers from Defendant (Doc. #11) ("Motion to Compel Answers").

A hearing was held on October 25, 2007, at which the Court made the following rulings.

**Motion to Compel Production**

The Motion to Compel Production is granted in full as to Request Nos. 1, 4, and 17 subject only to the entry of a protective order which will limit review of documents designated by Defendant as confidential or proprietary to Plaintiff's attorneys of record in this action.[1] Counsel for Plaintiff shall

[1] If there is information in such documents which Defendant deems to be especially sensitive and clearly not relevant to the jurisdictional issue (e.g., Mr. Del Ponte's compensation, Defendant's pricing and/or profit information), Defendant may redact such information from the documents produced. However, such redaction shall be done with precision so as not to affect adversely Plaintiff's ability to recognize what the document is and what information it contains.

prepare and submit a proposed protective order to counsel for Defendant within seven days of the date of this order.

Request No. 8 is granted to the extent that Defendant is to produce documents which describe and/or summarize Mr. Del Ponte's activities in Rhode Island on behalf of Defendant. As an example of the type of document which must be produced pursuant to this request the Court cited weekly, biweekly, or monthly summaries of activities by Mr. Del Ponte. The example was not intended to limit the type of documents which must be produced. The Court observed that it seems likely that there are documents which explain, document, describe, or evaluate the activities or services which Mr. Del Ponte performs in Rhode Island for Defendant. Such documents must be produced.

If Plaintiff believes that the documents produced by Defendant pursuant to this Order are not sufficient to enable Plaintiff to have a reasonably clear picture of the services which Mr. Del Ponte performs in Rhode Island for Defendant, Plaintiff may renew its request for further production with respect to Request No. 8. Therefore, it is in the interest of Defendant to be as forthcoming as possible so as to avoid having to respond to the request as it was originally framed.

**Motion to Compel Answers**

As to Interrogatory No. 6, the motion is DENIED.

As to Interrogatory No. 25, the motion is granted to the extent that Defendant shall describe the types of documents that Mr. Del Ponte has created in Rhode Island since November 1, 2005, in connection with his work for Defendant. Defendant must describe the document in sufficient detail so that Plaintiff will know what document is being referenced and be able to ask intelligent questions about it. Defendant must also indicate the frequency with which the particular type of document is created. For example, if the document consists of notes taken during

telephone conversations, Defendant must state how frequently such notes are created by using some point of reference (e.g., approximately how many are created within some stated time period, such as daily, weekly, monthly, etc.).

**Time for Compliance**

Defendant shall provide Plaintiff with the responses required by this Order by November 9, 2007.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 26, 2007