UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JKA, INC. d/b/a DIVERSIFIED DISTRIBUTION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-123 S |
| ANISA INTERNATIONAL, INC., | : | |
| Defendant. | : | |

**DEFENDANT ANISA INTERNTIONAL, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA**

Defendant Anisa International, Inc. ("Anisa International" or "AI") respectfully submits this reply memorandum of law in further support of its motion to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that the Court lacks personal jurisdiction over it or, in the alternative, to transfer this action to the Northern District of Georgia, a court that has jurisdiction over the defendant and that would be a proper venue for this action under 28 U.S.C. § 1400.

**I. AI Is Not Subject to Personal Jurisdiction in Rhode Island.**

Plaintiff contends that AI is subject to both specific and general personal jurisdiction in Rhode Island. Its analysis of both of those issues is incorrect. With respect to specific jurisdiction, Plaintiff's contentions are based entirely upon the erroneous conclusion that this Court is bound by the Federal Circuit's decision in *Beverly Hills Fan Company v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994). The result that Plaintiff urges, that the exercise of personal jurisdiction is proper based the fact that AI has placed allegedly infringing goods into

the "stream of commerce" with the awareness that those goods might wind up in Rhode Island, is inconsistent with First Circuit law and should be rejected. Similarly, Plaintiff's alternative theory that AI's contacts with Rhode Island are so continuous and systematic as to justify the exercise of general jurisdiction here are factually and legally incorrect. Plaintiff has not met its burden of proving that AI is properly subject to personal jurisdiction.

### A. Exercising Personal Jurisdiction on the Basis of the "Stream of Commerce" Theory Would Be Incorrect Because Federal Circuit Caselaw Is Not Controlling on the Issue of Personal Jurisdiction.

Plaintiff's sole basis for urging a finding of specific personal jurisdiction is based on the "stream of commerce" theory, under which a party is said to have purposely availed itself of a the forum jurisdiction by placing goods in the stream of commerce with the knowledge that the goods would wind up in the jurisdiction. Plaintiff offers no other factual basis for specific jurisdiction whatsoever. *See* Plaintiff's Mem. at 6-12. As explained below, Plaintiff's argument is based on a faulty analysis of what precedent governs this Court's decision on the matter. Applying the correct precedent – that of the First Circuit – makes clear that the mere placement of goods into the "stream of commerce" is insufficient to establish specific personal jurisdiction.

Plaintiff's argument that it is settled law that the Federal Circuit personal jurisdiction decisions are controlling patent cases is incorrect. "[T]here is a difference between the Federal Circuit 'ow[ing] no special deference to regional circuit law', [*Beverly Hills Fan*, 21 F.3d] at 1565, and Federal Circuit precedent binding this Court." *George Kessel Int'l, Inc. v. Classic Wholesales*, C.A. No. 07-323, 2007 WL 3208297, at *3 n. 4 (D. Ariz. Oct. 30, 2007) (attached as **Exhibit A**). The Federal Circuit has ***never*** stated that its jurisdictional decisions are "controlling" of individual district's determinations of their own jurisdictional parameters. *Cf.* Plaintiff's Mem. at 7 (citing D. South Carolina case for proposition that Federal Circuit jurisdictional decisions are "controlling"). That the Federal Circuit might not "specially defer" to the First

Circuit on appellate review of this case is not the same as saying that this Court must follow a particular jurisdictional analysis offered by the Federal Circuit. First Circuit law and precedent are, and should be, the final arbiter (subject to future decisions of the Supreme Court) of the extent to which this Court may exercise personal jurisdiction.

Federal Circuit law is controlling in matters "uniquely pertinent to patent law," whereas procedural matters are governed by the precedents of the regional circuits. *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557 (Fed. Cir. 1993); *Beverly Hills Fan*, 21 F.3d at 1564. It is axiomatic that personal jurisdiction is not "uniquely pertinent to patent law." Indeed, personal jurisdiction is an issue that is, of necessity, present in every single legal action. At most, the actual language employed by the Federal Circuit in the *Beverly Hills Fan* case suggests that the Federal Circuit might find it helpful to have uniformity with respect to personal jurisdiction questions (*see Beverly Hills Fan*, 21 F.3d at 1565 n. 13), but its actual holding makes it clear that its own analysis is not meant to, and cannot, displace local variations in personal jurisdiction. Even in patent cases, courts must – as the Plaintiff concedes – analyze the applicable state long-arm statute. *See* Plaintiff's Mem. at 6-7 (quoting *Schwanger v. Munchkin, Inc.*, 1999 WL 820449 (Fed. Cir. 1999).[1] Because every personal jurisdiction inquiry must take both the local (*i.e.*, state) law into account as well as the federal due process considerations, there will never be a uniform "rule" with respect to the exercise of personal jurisdiction.

Presumably, Plaintiff insists that the Federal Circuit rules are controlling because it knows that the "stream of commerce" theory followed in *Beverly Hills Fan* has been considered and rejected by the First Circuit. In *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 85 (1st Cir.

[1] Although Plaintiff states that the *Beverly Hills Fan* decision "followed" the inquiry described in *Schwanger*, it did not. *Compare* Plaintiff's Mem. at 7 *with Beverly Hills Fan*, 21 F.3d at 1565 n. 13, 1566-69 (containing no citation to *Schwanger*). Indeed, the *Schwanger* decision was unpublished, and as such Federal Circuit rules prohibit its citation as authority. Federal Circuit Rule 47.6.

1997), the First Circuit held that even if a defendant had ***specific knowledge*** that the stream of commerce would move its product into the forum state, "this awareness alone would not be enough to constitute the purposeful availment which is necessary for a showing of minimum contacts." *See also Sawtelle v. Farrell*, 70 F.3d 1381, 1393 (1st Cir. 1995) ("This Court has previously declined to adopt the 'stream of commerce' theory of personal jurisdiction") (citing *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 112 (1987)).[2] Here, Plaintiff's specific jurisdiction argument amounts to no more than that: AI sold its goods to an "established distribution channel" (a national retailer) which, in turn, placed the goods in its retail stores, including in Rhode Island. The First Circuit has unambiguously rejected that fact pattern as sufficient to warrant the exercise of personal jurisdiction. Because, with respect to specific jurisdiction, Plaintiff offers no other basis upon which to conclude that the exercise of jurisdiction is proper, Plaintiff has failed to meet its burden in this respect.

**B. <u>AI's Contacts With Rhode Island Are Insufficient for General Jurisdiction.</u>**

AI has freely conceded from the outset of this litigation that it has a single employee who is a resident of Rhode Island and who performs work for AI out of his home office. AI previously explained why his presence here was purely fortuitous and should not form the basis of a finding of general jurisdiction, and will not repeat those arguments here. However, Plaintiff attempts to rebut those arguments by relying upon a Federal Circuit decision that was expressly found not to "add[] significantly to the body of law" and therefore unprecedential. Thus AI impermissibly relies upon *Delta Systems, Inc. v. Indak Mfg. Co.*, 4 Fed.Appx. 857 (Fed. Cir. 2001) to establish its case for general jurisdiction over AI. Plaintiff's Mem. at 14. The *Delta Systems* case, as partially explained in footnote 14 of Plaintiff's memorandum, was issued as an

---

[2] Rhode Island's Supreme Court has likewise rejected the "stream of commerce" theory of personal jurisdiction. *Anderson v. Metropolitan Life Ins. Co.*, 694 A.2d 701, 703 (R.I. 1997).

unpublished, nonprecedential decision. Federal Circuit Local Rule 47.6(b) prohibits the citation of that decision as authoritative except in limited circumstances:

> An opinion or order which is designated as not to be cited as precedent is one determined by the panel issuing it as not adding significantly to the body of law. Any opinion or order so designated must not be employed or cited as precedent. This rule does not preclude assertion of claim preclusion, issue preclusion, judicial estoppel, law of the case, or the like based on a decision of the court designated as nonprecedential.

AI is not aware of any "repeal" of Federal Circuit Rule 47.6; it still appears in the Local Rules on the Federal Circuit's website as of this date. *See* Federal Circuit Rules of Practice, 2006 edition, *available at* http://www.cafc.uscourts.gov/pdf/rules.pdf (last accessed February 8, 2008). If, when Plaintiff stated that the rule was "repealed in 2006 pursuant to new F.R.A.P. 32.1," Plaintiff meant that it was ***impliedly*** repealed, that is also incorrect. Federal Rules of Appellate Procedure Rule 32.1 only prohibits courts of appeals from restricting the citation of opinions issued on or after January 1, 2007. The *Delta Systems* case was issued more than five years before that cutoff, in 2001.

Aside from the infirmities of the legal sources relied upon by Plaintiff with respect to general jurisdiction (all of which come from outside the First Circuit), Plaintiff misstates the facts surrounding AI's presence in Rhode Island. There is no evidence that Del Ponte is a "corporate officer" of AI. His title – "Vice President of Retail Sales" – is not evidence of actually serving as a corporate officer. He is a salesman who, by his own testimony and according to AI's records, accounts for less than 3% of AI's sales.

The other facts relied upon by Plaintiff are equally unavailing despite Plaintiff availing itself of extensive jurisdictional discovery and taking six months to file its response to the motion to dismiss. It is true that Anisa pays taxes to Rhode Island, but only because, having an employee who lives and works out his home, it must do so. It is also true that Del Ponte actually

does work during the course of working for AI. He is a salesman. His work, unremarkably, involves using the telephone and a computer. The number of phone calls made and e-mails sent and delivered by Del Ponte are tiny. Plaintiff estimates that Del Ponte made 60 phone calls per month. That is just three phone calls per business day. Likewise, he has sent and received very few e-mails, and no more than might be expected of an employee working from home in the 21st Century. There is nothing about Del Ponte's presence in Rhode Island that would trigger the exercise of general jurisdiction.

## II. **Transfer Is Proper Even if Personal Jurisdiction Is Found.**

Plaintiff correctly identifies the factors normally to be considered in consideration of a transfer 28 U.S.C. § 1404, but does not even attempt to analyze them.[3] AI freely concedes that the first factor – Plaintiff's choice of forum – weighs against transfer. But the remaining factors all favor transfer or are neutral. The "convenience of the parties" favors neither Plaintiff nor AI. AI anticipates that the bulk of the witnesses would be AI personnel, located in Georgia. Documents pertaining to the sales of the accused goods are all contained in Georgia. While there are connections between the forum and the issues in this case – because Plaintiff is here – there are equal ties between Georgia and AI. The law to be applied is purely federal. Finally, Geogia has at least as great a stake in the outcome of a trial regarding the ability of AI to market its goods as does Rhode Island with respect to a resident corporation's pursuit of design patent claims.

Here, however, there is an another factor, of which the Court is free to take account in the exercise of its discretion on the question of transfer. Should the Court conclude that Plaintiff is correct and that Federal Circuit law should inform the personal jurisdiction inquiry, and therefore

[3] Plaintiff does not even address transfer under 28 U.S.C. § 1631, which would be a matter of discretion for the Court in the event it concludes there is not *in personam* jurisdiction over AI.

conclude that based on Federal Circuit principles AI is subject to personal jurisdiction, transfer would be proper to respect the established precedents regarding personal jurisdiction of the First Circuit and Rhode Island. As explained in AI's opening memorandum, both jurisdiction and venue in the Northern District of Georgia would unquestionably be proper.

## III. CONCLUSION

The plaintiff has failed to establish that this Court has jurisdiction over Anisa International. For all of the foregoing reasons, this Court should dismiss the Complaint for lack of personal jurisdiction. Alternatively, the Court should transfer this action to the United States District Court for the Northern District of Georgia, a court that would unquestionably have jurisdiction over the defendant.

ANISA INTERNATIONAL, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin
Jeffrey K. Techentin (#6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: February 8, 2008

**CERTIFICATE OF SERVICE**

TO:

Mark A. Pogue
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that I filed the within Reply Memorandum of Law in Support of Motion to Dismiss for Lack of Jurisdiction or, in the alternative, to Transfer through the ECF system on the 8th day of February, 2008, and that notice will be sent electronically to the above-named counsel who is a registered participant identified on the Mailing Information for Case No. 07-123S.

/s/ Jeffrey K. Techentin_________

*444029_1*