UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JKA, INC. d/b/a DIVERSIFIED DISTRIBUTION,<br><br>Plaintiff,<br><br>v.<br><br>ANISA INTERNATIONAL INC.,<br><br>Defendant. | ) | Civil Action No. 07-123-S |

**PLAINTIFF JKA, INC.'S MOTION TO STRIKE A PORTION OF DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA**

Plaintiff JKA, Inc. d/b/a Diversified Distribution ("Diversified") hereby moves to strike a portion of Defendant Anisa International, Inc.'s Reply Memorandum In Support Of Its Motion To Dismiss Or, In The Alternative, To Transfer To The Northern District Of Georgia. In support of this Motion, Diversified relies upon the accompanying memorandum of law.

JKA, INC., d/b/a DIVERSIFIED DISTRIBUTION,

By its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
401.274.9200
401.276.6611 Telecopy

Of Counsel:

Robert J. Doherty
10-11 George Street
Barrington, RI 02806

**Certificate of Service**

I hereby certify that on the 12th day of February, 2008 a copy of the foregoing Motion to Strike was served via ECF to:

Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan PC
One Citizens Plaza
Providence, RI 02903

/s/ Mark A. Pogue_____________________

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JKA, INC. d/b/a DIVERSIFIED DISTRIBUTION,<br><br>Plaintiff,<br><br>v.<br><br>ANISA INTERNATIONAL INC.,<br><br>Defendant. | Civil Action No. 07-123-S |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JKA, INC.'S MOTION TO STRIKE A PORTION OF DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA**

Plaintiff JKA, Inc. d/b/a Diversified Distribution ("Diversified") submits this memorandum of law in support if its motion to strike a portion of Defendant Anisa International, Inc.'s ("Anisa") Reply Memorandum In Support Of Its Motion To Dismiss Or, In The Alternative, To Transfer To The Northern District Of Georgia ("Reply"). As set forth below, Anisa's Reply presents new and additional arguments in support of its motion to transfer this action, in direct contravention of the Local Rules applicable to this proceeding and First Circuit precedent. Accordingly, Diversified respectfully requests that this Court strike these arguments from Anisa's Reply.

## Background

Diversified initiated this patent infringement action alleging that Anisa has been and is making, using, offering for sale, and selling cosmetic cases which infringe upon U.S. Design Patent No. D-475,918, of which Diversified is the assignee. In response to Diversified's

Complaint, Anisa filed a motion to dismiss the action for lack of personal jurisdiction or, in the alternative, to transfer the action. In its motion, Anisa argued that this action should be dismissed because the Court lacks either specific or general personal jurisdiction over Anisa. (Anisa's Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer to the Northern District of Georgia ("Anisa's Motion") at 7-17.) In the alternative, Anisa argued that even if the Court finds that it does have jurisdiction over Anisa, it should transfer the matter to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404 or § 1631. (Id. at 17.)

Diversified subsequently filed an objection to Anisa's motion to dismiss or, in the alternative, to transfer. In response to Anisa's argument that this action should be transferred to the Northern District of Georgia, Diversified's objection pointed out that Anisa's motion failed to discuss the factors that this Court traditionally weighs in considering a transfer request pursuant to 28 U.S.C. § 1404, as set forth in Cruz v. Hartford Cas. Ins. Co., No. C.A. 005-38S, 2005 WL 1231965, at *2 (D.R.I. May 20, 2005) (the "Cruz factors"). (Diversified's Memorandum in Support of its Objection to Anisa's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer to the Northern District of Georgia at 18.) Specifically, Diversified's objection stated as follows regarding this deficiency in Anisa's motion: "Apart from the bare fact that it is based in Georgia, Anisa has not presented any facts which demonstrate that the Cruz factors militate in favor of transferring the case. Anisa's failure to adduce any supporting facts requires that its transfer request be denied." (Id.)

On or about February 8, 2008, Anisa filed its Reply. In its Reply, Anisa, for the first time, discussed the Cruz factors as they relate to its argument that this action should be transferred to the Northern District of Georgia. (Reply at 6-7.) The arguments that Anisa

presents in its Reply relative to these factors were not addressed (or even mentioned) in its original motion and, accordingly, constitute new and additional grounds in support of its motion to transfer.

## Argument

It is well-settled in this Court that new or additional arguments are not properly presented in a reply memorandum. Indeed, this Court's Local Rules specifically and unequivocally prohibit the presentation of new arguments in a reply brief, stating as follows: "A reply memorandum shall consist only of a response to an objection and shall not present additional grounds for granting the motion, or reargue or expand upon the arguments made in support of the motion." Local Rule Cv 7(b)(2); see also Walden v. City of Providence, 495 F.Supp.2d 245, 257 n. 16 (D.R.I. 2007) (finding that additional argument presented in reply brief was not appropriately raised under LR Cv 7(b)(2)). Accordingly, a reply memorandum is properly used only to respond to an objection filed by an opposing party, not to present additional or expanded arguments in support of the underlying motion. See Local Rule Cv 7(b)(2); see also Wills v. Brown Univ., 184 F.3d 20, 27 (1999) ("Reply briefs are to counter the appellee's arguments, not to offer new theories of error for the first time."). It is firmly established under the law of the First Circuit that arguments raised for the first time in a reply brief will not be addressed because the other side is not given an adequate opportunity to respond. See Aetna Cas. Surety Co. v. P&B Autobody, 43 F.3d 1546, 1571 (1st Cir. 1994) ("When an argument is raised first in a reply brief, the appellee is not given an adequate opportunity to respond."); Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 354 (1st Cir. 1992) ("It is well settled in this court . . . that a legal

argument made for the first time in an appellant's reply brief comes too late and need not be addressed.").[1]

This Court should strike the portion of Anisa's Reply discussing the application of the Cruz factors to this case because these arguments were not raised in Anisa's original motion to dismiss or, in the alternative, to transfer the action. Accordingly, Anisa's arguments relative to these factors are new and additional grounds in support of its motion to transfer, and are not properly included within its Reply. Indeed, by discussing the Cruz factors in its Reply, Anisa is attempting to improperly expand on the argument contained in its original motion to transfer, in direct contravention of both the Local Rules applicable to this action and the law of the First Circuit. See Local Rules Cv 7(b)(2); see also Wills, 184 F.3d at 27; Aetna Cas. Surety Co., 43 F.3d at 1571; Rivera-Muriente, 959 F.2d at 354; Walden, 495 F.Supp.2d at 256 n.16. Because these arguments were raised for the first time in Anisa's Reply, Diversified has not been (and will not be) presented with an adequate opportunity to respond to Anisa's contentions relative to application of these factors to the specific facts of this case.[2] Accordingly, under both the Local Rules and First Circuit precedent, the Court should strike this portion of Anisa's Reply.

[1] The rule that a party may not present new or additional arguments in a reply memorandum is also well-established in other jurisdictions. See, e.g., Multi-Ad Svs., Inc. v. Nat'l Labor Relations Bd., 255 F.3d 363, 370 (7th Cir. 2001) ("It is well-settled that parties may not raise new arguments or present new facts for the first time in reply."); Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief. . . . The reasons are obvious. It robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result."); Eyiowuawi v. Sv. Employees Int'l Union Local 20, No. 05C5216, 2006 WL 2355529, at *4 (N.D. Ill. Aug. 11, 2006) ("It is elementary that parties may not raise new arguments or present new facts in their reply, thus depriving their opponent of an opportunity to respond.").

[2] To the extent that Anisa may argue that the discussion of the Cruz factors in its Reply was somehow in response to Diversified objection (and thus allowable under the Local Rules), this argument is without merit. Diversified mentioned the Cruz factors in its objection simply to point out a deficiency in Anisa's motion. Because Anisa did not present any argument relative to these factors in its motion, Diversified's objection did not thoroughly address the application of these factors to the instant litigation. Accordingly, if the Court were to consider the arguments raised by Anisa in its Reply, Diversified would be denied the opportunity to fully address the application of the Cruz factors to this case.

## **Conclusion**

For these reasons, Diversified respectfully requests that this Court strike the portion of Anisa's Reply discussing the Cruz factors as they relate to this litigation.

JKA, INC., d/b/a DIVERSIFIED DISTRIBUTION,

By its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
401.274.9200
401.276.6611 Telecopy

Of Counsel:

Robert J. Doherty
10-11 George Street
Barrington, RI 02806

**Certificate of Service**

I hereby certify that on the 12th day of February, 2008 a copy of the foregoing Memorandum of Law was served via ECF to:

Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan PC
One Citizens Plaza
Providence, RI 02903

/s/ Mark A. Pogue