UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JKA, INC. d/b/a DIVERSIFIED DISTRIBUTION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-123 S |
| ANISA INTERNATIONAL, INC., | : | |
| Defendant. | : | |

**DEFENDANT ANISA INTERNTIONAL, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE A PORTION OF DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA**

Defendant Anisa International, Inc. ("Anisa International" or "AI") hereby objects to Plaintiff JKA, Inc.'s motion to strike a portion of AI's Reply Memorandum in Support of its Motion to Dismiss or, in the Alternative, to Transfer to the Northern District of Georgia. The grounds for AI's objection are set forth in the accompanying Memorandum of Law.

Respectfully submitted,
ANISA INTERNATIONAL, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin
Jeffrey K. Techentin (#6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: February 12, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JKA, INC. d/b/a DIVERSIFIED DISTRIBUTION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-123 S |
| ANISA INTERNATIONAL, INC., | : | |
| Defendant. | : | |

**DEFENDANT ANISA INTERNTIONAL, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE A PORTION OF DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA**

Defendant Anisa International, Inc. ("Anisa International" or "AI") submits this memorandum of law in support of its objection to Plaintiff's motion to strike a portion of AI's Reply Memorandum in Support of its Motion to Dismiss or, in the Alternative, to Transfer to the Northern District of Georgia

## I. ARGUMENT

Plaintiff's motion to strike is grounded exclusively on a hypertechnical and inaccurate interpretation of Local Rule (Civ) 7 ("Motions"), and particularly subpart (b)(2), which concerns the contents of reply memoranda. There is no dispute regarding the applicable rule. It provides that "A reply memorandum shall consist only of a response to an objection and shall not present ***additional grounds*** for granting the motion, or ***reargue*** or ***expand upon the arguments made*** in support of the motion." (Emphasis added). Where a reply "responds" to an objection, therefore, its content is only objectionable if its arguments consist of additional grounds to support the

motion, reargument, or an expansion upon the arguments previously made. Because none of these apply to AI's reply memorandum, Plaintiff's motion to strike should be denied.

There is no question but that AI's arguments with respect to the so-called *Cruz* factors[1] "responded" to Plaintiff's objection to the motion to dismiss or, in the alternative, to transfer this case. Plaintiff concedes that it raised the *Cruz* decision for the first time in its memorandum in support of its objection to the motion. *See* Pl.'s Mem. at 4.

The fact that AI had not previously expressly mentioned the *Cruz* decision does not make its discussion of the case a "new ground" for granting the motion to transfer. The grounds for the requested motion to transfer were precisely the same at the time AI moved as they are now: 28 U.S.C. § 1404 (should the Court find it has personal jurisdiction over AI) or 28 U.S.C. § 1631 (if it does not). Plaintiff made arguments based on the application of facts to the law, using this Court's decision in *Cruz* as a backdrop, and now objects that AI has responded in kind. This is precisely the type of argument that is absolutely "responsive" to an objection and proper material for a reply brief. The facts here are entirely distinct from those in the cases cited by Plaintiff. *See Willis v. Brown U.*, 184 F.3d 20, 34-35 (1st Cir. 1999) (in reply, plaintiff asserted new "hostile environment" theory); *Aetna Cas. Surety Co. v. P&B Autobody*, 43 F.3d 1546, 1571 (1st Cir. 1994) (issue as to propriety of including prejudgment interest on trebled damages waived where raised for first time in reply); *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 354 (1st Cir. 1992) (doctrine of equitable tolling may not be raised for first time in reply brief); *Walden v. City of Providence*, 495 F. Supp. 2d 245, 257 n. 16 (D.R.I. 2007) (summary judgment movant added additional argument in support of a finding of no liability in reply brief). By citing to these cases as analogous to this one, Plaintiff would have the Court believe that discussing *Cruz*

---

1 *See Cruz v. Hartford Cas. Ins. Co.*, C.A. No. 005-38S, 2005 WL 1231965, at *2 (D.R.I. May 20, 2005).

amounts to a new and different ground for transferring this case, something separate and apart from 28 U.S.C. § 1404. Such an argument is just silly, though, since *Cruz* was ***interpreting and applying*** Section 1404.

Plaintiff's contention that permitting AI to respond to its discussion of the *Cruz* decision would "den[y Plaintiff] the opportunity to fully address the application of the *Cruz* factors to this case" (Pl.'s Mem. at 4 n.2) is without merit. Plaintiff had a full and unhampered opportunity to discuss the *Cruz* decision: when it raised them – for the first time – in its opposition papers. That it now feels that its discussion of those factors was somehow inadequate is purely the result of its own decisionmaking.

Finally, even if the Court is persuaded that AI's discussion of the *Cruz* factors is improper material for a reply, striking that portion of the brief is inappropriate. Plaintiff offers no support for such a remedy. *See Willis*, 184 F.3d at 34-35 (no motion to strike filed); *Aetna Cas.*, 43 F.3d at 1571 (no discussion of striking any portion of brief); *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 354 (1st Cir. 1992) (same); *Walden*, 495 F.Supp.2d at 257 n. 16 (same).

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike should be denied in its entirety.

ANISA INTERNATIONAL, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin
Jeffrey K. Techentin (#6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: February 12, 2008

**CERTIFICATE OF SERVICE**

TO:

Mark A. Pogue
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that I filed the within Objection to Plaintiff's Motion to Strike Portion of Reply Brief in Support of Motion to Dismiss for Lack of Jurisdiction or, in the alternative, to Transfer through the ECF system on the 12th day of February, 2008, and that notice will be sent electronically to the above-named counsel who is a registered participant identified on the Mailing Information for Case No. 07-123S.

/s/ Jeffrey K. Techentin_________

*444351_1*